UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BETTIS,

    Petitioner,                                                           Civil Action No. 09-CV-14076

vs.                                                                   HON. BERNARD A. FRIEDMAN

GREGORY MCQUIGGIN,

    Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) DENYING PERMISSION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. Introduction**

Petitioner is serving two concurrent sentences of 114 months to 15 years for his convictions of manslaughter with a motor vehicle, MICH. COMP. LAWS § 750.321(e), and failing to stop at the scene of a fatal accident when at fault. MICH. COMP. LAWS § 257.6173.  Petitioner's application for habeas relief raises three claims challenging his convictions: (1) the trial court incorrectly scored the sentencing guidelines; (2) the sentence was excessive; and (3) petitioner's counsel was ineffective for failing to object to the scoring of the sentencing guidelines.  The court shall deny the petition because these claims are without merit.

**II. Background**

Petitioner's convictions arose from an incident occurring on the night of February 22, 2004, in Flint, Michigan.  Sometime after midnight, a group of patrons exited the Drifters Motorcycle Club onto Saginaw Street where their car was parked.  A van, driven by petitioner, careened down the street at speeds estimated between 60 and 70 miles per hour with its headlights turned off.  The van rebounded off of a parked car and, without slowing down, crossed into the

opposing lane, striking Annious Wilson and Patrick Collins as they stood outside their car. Eyewitnesses said that the van made no effort to brake before hitting the men and that it continued to barrel down the road, rebounding off of another parked vehicle. Wilson and Collins were rushed to the hospital but died of their injuries.

As a result of this incident, petitioner was charged with two counts of manslaughter and driving away from a fatal accident. He was also charged with being a second-time habitual felony offender. Petitioner therefore faced a maximum penalty of 22-1/2 years in prison.

Petitioner entered into a plea agreement whereby he agreed to plead no contest to one count of manslaughter and one count of driving away from a fatal accident in exchange for dismissal of the other charges, thereby reducing his exposure to a maximum of 15 years in prison. After the plea hearing, petitioner was sentenced to two concurrent terms of 114 months to15 years in prison.

Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

> I. Petitioner should be resentenced because the trial court improperly scored Offense Variables 3, 12, 13, and 18.
>
> II. The trial court violated Petitioner's right to be free from excessive punishment under the Eighth Amendment when it sentenced him to two concurrent terms of 114 months to 15 years.

The Court of Appeals denied petitioner's delayed application for leave to appeal "for lack of merit in the ground presented." *People v. Bettis*, Mich. Ct. App. No. 271262 (Aug. 11, 2006).

Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court that raised the same claims. The Michigan Supreme Court denied the application in a standard order. *See People v. Bettis*, Mich. Sup. Ct. No. 131946 (Nov. 29, 2006).

After an aborted federal habeas proceeding, petitioner returned to the trial court and

filed a motion for relief from judgment, raising the following claims:

> I. Petitioner should be resentenced because the trial court improperly scored Prior Record Variables 5 and 6 as well as Offense Variables 3, 9, 13, 18, and 19.
>
> II. Petitioner was denied the effective assistance of counsel where his trial counsel failed to object to the sentencing guidelines.
>
> III. Petitioner's Fourth Amendment right protecting him against an illegal search and seizure was violated.

The trial court denied the motion on the grounds that petitioner had failed to demonstrate good cause or actual prejudice for failing to raise his new claims during his direct appeal as required by MCR 6.508(D)(3). His first claim was denied under Rule 6.508(D)(2), because it had already been raised in his prior appeal.

Petitioner thereafter filed an application for leave to appeal in the Michigan Court of Appeals. The application was denied "for failure to establish entitlement to relief under MCR 6.508(D)." *People v. Bettis*, Mich. Ct. App. No. 287354 (Feb. 4, 2009). Petitioner applied for leave to appeal this decision in the Michigan Supreme Court but was also denied relief under MCR 6.508(D). *See People v. Bettis*, Mich. Sup. Ct. No. 138438 (Sept. 11, 2009).

### III. Legal Standards

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

State court proceeding.

28 U.S.C. § 2254(d). A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010), *quoting Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011), *citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*., *citing Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

A federal court may grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's

precedents. *Id*. Indeed, "section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id., citing Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring in judgment). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-787.

**IV. Discussion**

**A. Sentencing Guidelines**

Petitioner's first claim is that several of the offense and prior record variables for the sentencing guidelines were incorrectly scored by the trial court. He argues that (1) he was assessed points for prior convictions that should not have counted; (2) he was assessed points for "multiple victims" even though he pled to only one of the manslaughter charges; (3) he was assessed points for being under the influence of drugs even though he was only under the influence of prescription pain medications; and (4) the same facts were used to count multiple guideline variables. These arguments are not cognizable in this action.

It is well established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). The state trial court's allegedly improper interpretation of the state's sentencing guidelines is not a cognizable claim for federal habeas review because it is a state law claim. *See Howard v. White*, 76 F.App'x 52, 53 (6th Cir. 2003). "Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *Mitchell v. Vasbinder*, 644 F. Supp.2d 846, 867 (E.D. Mich. 2009).

Petitioner's claim that the sentencing guidelines were incorrectly scored thus fails to state a claim upon which habeas relief can be granted. *See Cook v. Stegall*, 56 F. Supp.2d 788, 797 (E.D. Mich. 1999).

To the extent petitioner argues that his sentence was improperly based upon facts not admitted by him or determined by the jury, the claim is likewise without merit. In *Blakely v. Washington*, 542 U.S. 296, 301 (2004), the Supreme Court held that, other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Blakely* involved a trial court's departure from Washington's determinate sentencing structure. Michigan, by contrast, has an indeterminate sentencing system. The maximum term of imprisonment is set by law. *See People v. Drohan*, 475 Mich. 140, 160-61 (2006). Indeterminate sentencing schemes do not violate the Sixth Amendment by invading the province of the jury, so long as the defendant is sentenced within the statutory maximum. *See Blakely*, 542 U.S. at 304-05, 308-09. In the present case, the sentencing court did not exceed the statutory maximum for petitioner's crimes. Therefore, the sentencing scheme did not run afoul of the Sixth Amendment. *See Montes v. Trombley*, 599 F.3d 490, 497 (6th Cir. 2010).

**B. Excessive Sentence**

Petitioner's second claim asserts that his sentence was disproportionate to his crime and that the sentencing court did not consider mitigating facts about his personal history. Petitioner notes that he has a history of mental health problems and substance abuse, and he asserts that he was under the influence of legally prescribed pain medications when he killed the victims.

There is no constitutional right to individualized sentencing in non-capital cases. *See*

*Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Since petitioner has no federal right to an individualized sentence, this ground presents an issue of state law only. Petitioner has not alleged grounds for the court to conclude that this is one of those rare instances where an alleged state-law sentencing error was so egregious that it led to a fundamentally unfair outcome. *See Koras v. Robinson*, 123 F.App'x 207, 213 (6th Cir. 2005). Petitioner's unlawful conduct resulted in the death of two people. Petitioner's 9-14 year sentence cannot be described as egregious or fundamentally unfair.

To the extent petitioner challenges the proportionality of his sentence, successful challenges on this basis are "exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980). Petitioner's sentence did not exceed the statutory 15-year maximum. "'[A] sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000), *quoting United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995). Petitioner has no right to relief on the grounds that his sentence was disproportionate to the crime and the offender.

**C. Ineffective Assistance of Counsel**

Petitioner's third claim is that his counsel was ineffective for failing to raise his sentencing challenges in the trial court and during his direct appeal.

In this case, because the state courts rejected all of petitioner's sentencing claims on direct and collateral review, petitioner is unable to show that she was prejudiced by his counsel's purported ineffectiveness. *See Coleman v. Curtin*, 425 F.App'x 483, 485 (6th Cir. 2011). Petitioner has offered no evidence to show that the state trial court judge would have been inclined to impose a lesser sentence if the challenges had been made at the time of sentencing. He has therefore failed

to show that he was prejudiced by his counsel's purported ineffectiveness. *See Spencer v. Booker*, 254 F.App'x 520, 525-26 (6th Cir. 2007). Accordingly, this claim is without merit as well.

## V.  Certificate of Appealability

> Pursuant to Rule 11 of the Rules Governing Section 2254 Proceedings:
>
> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

When a district court denies a habeas petition a certificate of appealability should issue only if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court concludes that the petition is meritless. The court shall therefore deny petitioner a certificate of appealability because reasonable jurists would not find it debatable whether this court was correct in determining that the petition should be denied. For the same reason, the court shall also deny petitioner permission to proceed on appeal in forma pauperis, as any appeal would be frivolous.

## VI. Conclusion

For the reasons stated above,

IT IS ORDERED that the petition for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall issue.

IT IS FURTHER ORDERED that petitioner may not proceed on appeal in forma pauperis.

S/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: May 9, 2012
         Detroit, Michigan